UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIE ANN KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DES PERES DEPARTMENT OF | ) Cause No.: |
| PUBLIC SAFETY, | ) |
| | ) |
| DES PERES CHIEF OF POLICE | ) |
| KEITH L. KRUMM, | ) |
| | ) |
| DES PERES POLICE OFFICER | ) |
| OFFICER JOSEPH LOHMEYER, (198) | ) |
| | ) JURY TRIAL DEMANDED |
| DES PERES POLICE OFFICER | ) |
| OFFICER ROBERT MAININI, (071) | ) |
| | ) |
| CBL & ASSOCIATES PROPERTIES, INC | ) |
| Operator WEST COUNTY CENTER, | ) |
| | ) |
| WEST COUNTY MALL CMBS, LLC | ) |
| Owner WEST COUNTY CENTER, | ) |
| | ) |
| CHRISTOPHER LUEBBERS, & | ) |
| | ) |
| JANET BUTZINGER | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Marie Ann Keys, by and through her attorneys Kayira Law LLC, submits to the Court her Complaint, and for her causes of action against Defendants, states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Marie Ann Keys (hereinafter "Keys" or "Plaintiff") is and at all relevant times has been a Missouri resident domiciled in St. Louis, Missouri.

2.  At all times referred herein, Defendant Des Peres Department of Public Safety is a combined police department, fire department, and emergency services department serving the City of Des Peres, Missouri.

3.  At all times referred herein, Defendant Chief of Police Keith L. Krumm (hereinafter "Krumm") was the chief of police of the Des Peres Department of Public Safety, was acting in such capacity as an agent, servant, and employee of the Des Peres Department of Public Safety, was acting under the direction and control of the Des Peres Department of Public Safety, and was acting pursuant to either official policy or the custom and practice of the Des Peres Department of Public Safety.

4.  At all times referred herein, Defendant Joseph Lohmeyer (hereinafter "Lohmeyer") was a police officer of the Des Peres Department of Public Safety, was acting in such capacity as an agent, servant, and employee of the Des Peres Department of Public Safety, was acting under the direction and control of the Des Peres Department of Public Safety and Chief of Police, and was acting pursuant to either official policy or the custom and practice of the Des Peres Department of Public Safety.

5.  At all times referred herein, Defendant Robert Mainini (hereinafter "Mainini") was a police officer of the Des Peres Department of Public Safety, was acting in such capacity as an agent, servant, and employee of the Des Peres Department of Public Safety, was acting under the direction and control of the Des Peres Department of Public Safety and Chief of Police, and

was acting pursuant to either official policy or the custom and practice of the Des Peres Department of Public Safety.

6. Defendant CBL & Associates, INC (hereinafter "CBL") was and at all relevant times a publically traded corporation headquartered in Chattanooga, Tennessee, and currently operating, managing, and leasing West County Center a shopping center located at 80 West County Center, Des Peres, MO 63131, where the events underlying this lawsuit took place.

7. Defendant West County Mall CMBS, LLC (hereinafter "CMBS") was and at all relevant times a Delaware limited liability company headquartered in Chattanooga, Tennessee, currently owning West County Center a shopping center located at 80 West County Center, Des Peres, MO 63131, where the events underlying this lawsuit took place.

8. Defendant Christopher Luebbers (hereinafter "Luebbers") was and at all times a Missouri resident domiciled in Cape Girardeau, Missouri.

9. Defendant Janet Butzinger (hereinafter "Butzinger") was and at all times an Illinois resident domiciled in Belleville, Illinois.

10. This court has jurisdiction over this present action pursuant to 28 U.S.C. § 1332. This court also has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C § 1343, and 28 U.S.C § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C § 1367.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District

## FACTUAL ALLEGATIONS

12.  Plaintiff Keys is an African American woman, resident of St. Louis, Missouri, and frequent shopper at Defendant CMBS' West County Center.

13.  On Saturday afternoon of May 11, 2013, Keys drove to Defendant CMBS's West County Center in anticipation of shopping at the J.C. Penney store located at the center.

14.  West County Center is a large shopping complex located in the St. Louis suburb of Des Peres, Missouri and owned by Defendant CMBS.

15.  Upon information and belief Defendant CMBS contracts the day to day operations, management and leasing of West County Center to its subsidiary and Defendant CBL.

16.  Upon information and belief, Defendant Des Peres Department of Public Safety has an agreement with Defendants CBL and CMBS' West County Center to provide public safety and other police services for the shopping center and the stores located therein, and it maintains a police station on the premises.

17.  While driving around the parking lot near the J.C. Penney, Plaintiff spotted a vehicle backing out of a parking spot.

18.  Janet Butzinger (age 52) and her son Defendant Christopher Luebbers (age 23), white residents of the St. Louis metropolitan area, were also driving around West County Center looking for a parking spot.

19.  While waiting for a vehicle to back out of a parking spot, Keys facing West, spotted another vehicle, driven by Butzinger and facing East, attempting to park in the same spot.

20.  After the vehicle had backed out, Keys began to drive her vehicle directly into the now open parking spot.

4

21. At this time, Luebbers, an occupant in Butzinger's vehicle, witnessed Keys begin driving into the parking spot. As Butzinger was currently faced in the opposite direction of the parking spot's opening, Luebbers realized that they would be unable to beat Keys to the now open parking spot.

22. Luebbers decided to take action and tried to save the parking spot by jumping out of his vehicle and directly in front of Keys now moving vehicle.

23. Keys was shocked to find a person standing in front of her moving vehicle and slowed down.

24. Luebbers eventually removed himself from the parking spot and Keys continued to park her vehicle.

25. Upon exiting her vehicle, Luebbers began shouting at Keys and threatened to call the police. Keys was confused at Luebbers's shouting and antics as he almost caused an accident by jumping in front of a moving vehicle.

26. Luebbers appeared in good condition and Keys proceeded to walk into the department store J. C. Penney located at West County Center.

27. While Keys was shopping, Defendant Luebbers along with Defendant Butzinger angry that they did not get their parking spot, called the Des Peres Police Department and filed a police report falsely claiming that Keys ran over Luebbers' foot and left the scene of an accident.

28. After shopping, Keys exited the J.C. Penney to find her vehicle being towed by Des Peres Police Officers, Defendants Mainini and Lohmeyer. Keys asked Defendants Mainini and Lohmeyer why her vehicle was being towed.

29. Defendants Mainini and Lohmeyer stated that Luebbers and Butzinger had called the Des Peres police claiming that Keys ran over his foot.

30. Defendants Lohmeyer and Mainini immediately placed Keys under arrest for assault and leaving the scene of an accident.

31. At no time did Keys resist arrest and was placed into a Des Peres Police car and transported to the Des Peres police station.

32. At the police station, Keys was booked, processed, and allowed to call her husband.

33. Before leaving the Des Peres Police station and after being booked, Keys was read her Miranda Rights.

34. Before leaving the Des Peres Police station, Keys was forced to sign a document with Defendants CBL and CMBS' stating that she was banned from entering Defendants CBL and CMBS' West County Center for a year (hereinafter "CBL Ban"). (See **Exhibit 1**) The CBL Ban was also signed by Defendant Lohmeyer on behalf of the Des Peres Police Department.

35. The CBL Ban purports to enforce Defendant CBL's "Code of Conduct" at Defendant CMBS' West County Center.

36. The charges issued against Keys had no legal or factual merit. Defendants Lohmeyer and Mainini lacked probable cause that Keys had committed any crime.

37. Upon information and belief, Defendants CBL and CMBS has an agreement with the Des Peres Police Department whereby the latter will provide security and policing services to the shopping center, including the enforcement of Defendant CBL's "Code of Conduct" along with the banning and ejection of shopping center patrons who allegedly violate Defendant CBL's "Code of Conduct".

38. Upon information and belief, Defendant Des Peres Department of Public Safety enforce CBL's "Code of Conduct" and ban numerous shoppers, including Keys, at the direction or request of Defendants CBL and CMBS.

39. Upon information and belief, Defendant Des Peres Department of Public Safety entered into a combination, agreement, or understanding to violate Key's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §1985(3), and 42 U.S.C. §2000(d), by searching, seizing, and imprisoning, Keys without warrant or probable cause and on account of her race.

40. Upon information and belief, Defendant Des Peres Department of Public Safety entered into a combination, agreement, or understanding with Defendants CBL and CMBS to violate Key's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §1985(3), and 42 U.S.C. §2000(d), by prohibiting Keys from entering onto West County Center's property on account of her race.

41. In furtherance of this combination, agreement or understanding, Defendants Lohmeyer and Mainini conspired to seize and imprison Keys without warrant or probable cause and on account of her race.

42. In furtherance of this combination, agreement or understanding, Defendants Lohmeyer, Mainini, Krumm, Des Peres Department of Public Safety, CBL, and CMBS conspired to ban Keys from West County Center on account of her race.

43. Upon information and belief, Defendant CBL's Code of Conduct and ban as enforced by the Defendant Des Peres Department of Public Safety disproportionately affects African American shoppers of Defendants CBL and CMBS' West County Center.

44. Upon information and belief, Defendant CBL's Code of Conduct and ban as enforced by the Defendant Des Peres Department of Public Safety is applied to numerous patrons of West County Center regardless of innocence or guilt of alleged charges.

45. Defendants' actions violated Keys' clearly established rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, 43 U.S.C. § 1985(3), and 42. U.S.C § 2000(d).

46. Defendants acted intentionally to deprive Keys of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1985(3), and 42 U.S.C. § 2000(d), or in wanton, reckless disregard of those rights.

47. Since this incident Keys has been banned from West County Center's premises and stores.

48. The events of May 11, 2013, caused Keys to suffer without limitation a deprivation her liberty, an invasion of her privacy, humiliation, ongoing emotional and psychological distress and other harms and damages to be proved at trial.

## COUNT I

### UNLAWFUL SEIZURE BY ARREST AND DETENTION BY DEFENDANTS LOHMEYER AND MAININI

For her cause of action against Defendants Lohmeyer and Mainini in Count I, Plaintiff states:

49. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

50. Defendants Lohmeyer and Mainini acting alone or together and acting in concert, maliciously, and without reasonable grounds or probable cause therefore, arrested and detained Plaintiff, or failed to prevent the arrest and detention when they had the opportunity to do so.

51. The arrest and detention were and are in violation of Plaintiff's right to be free from unreasonable seizures secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

52. Defendants Lohmeyer and Mainini violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §1985 (3), and 42 U.S.C §2000(d), by searching, seizing and imprisoning Plaintiff without warrant or probable cause and on account of her race.

53. As a direct and proximate result of Defendants' arrest and detention of Plaintiff as described, caused Plaintiff to suffer, without limitation, a deprivation of her liberty, an invasion of her privacy, humiliation, ongoing emotional and psychological distress and other harms and damages.

54. The acts of Defendants Lohmeyer and Mainini as described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

55. If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C § 1983.

## COUNT II

### FALSE ARREST AND FALSE IMPRISONMENT
### BY DEFENDANTS LOHMEYER AND MAININI

For her cause of action against Defendants Lohmeyer and Mainini in Count II, Plaintiff states:

56. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

57. Defendants Lohmeyer and Mainini at such times as previously set forth herein, intentionally arrested, detained, and restrained Plaintiff against her will and without probable cause that Plaintiff committed any crime.

58. The conduct of Defendants Lohmeyer and Mainini in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff against her will without probable cause that Plaintiff had committed any crime.

59. As a direct and proximate result of Defendants' arrest and detention of Plaintiff as described, caused Plaintiff to suffer, without limitation, a deprivation of her liberty, an invasion of her privacy, humiliation, ongoing emotional and psychological distress and other harms and damages to be proved at trial.

## COUNT III

### FOURTEENTH AMENDMENT TO U.S. CONSTITUTION
### (DISCRIMINATION)
### BY CBL, CMBS and DES PERES DEFENDANTS

For her cause of action against Defendants Lohmeyer, Mainini, Krumm, CBL, and CMBS in Count III, Plaintiff states:

60. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

61. Defendants Lohmeyer and Mainini's seizure and arrest of Plaintiff was based not on individualized or particularized probable cause to believe Plaintiff had committed a crime, but on account of Plaintiff's race.

62. Defendants Des Peres Department of Public Safety, Krumm, Lohmeyer, Mainini, CBL and CMBS are liable under a 42 U.S.C. §1983 conspiracy theory.

63. Defendants' deprivation of Plaintiff's Fourth Amendment rights amounted to intentional discrimination based on race in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

64. Furthermore, defendants' conduct was willful, wanton and/or reckless disregard of Plaintiff's constitutional rights.

## COUNT IV

### TITLE VI OF CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§2000(d), *et seq.*
### (DISCRIMINATION)
### BY DES PERES DEFENDANTS

For her cause of action against Defendants Lohmeyer, Mainini, Krumm and Des Peres Department of Public Safety in Count IV, Plaintiff states:

65. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

66. Defendants Lohmeyer and Mainini's seizure and arrest of Plaintiff was based not on individualized or particularized probable cause but on account of Plaintiff's race.

67. Defendants' illegal search and seizure of Plaintiff based on her race violates Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(d), *et seq.*

11

68. Furthermore, Defendants' conduct was in willful, wanton and/or reckless disregard of Plaintiff's statutory rights.

## COUNT V

### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS AND 42 U.S.C. § 1985(3) (DISCRIMINATION) BY CBL, CMBS and DES PERES DEFENDANTS

For her cause of action against Defendants Lohmeyer, Mainini, Krumm, Des Peres Department of Public Safety, CBL and CMBS in Count V, Plaintiff states:

69. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

70. Des Peres Police Defendants conspired with Defendants CBL and CMBS and their employees, to invidiously discriminate against Plaintiff by depriving her of right to equal protection and equal privileges and immunities under law based on Plaintiff's race.

71. Defendants' discriminatory acts violate Plaintiff's rights under 42 U.S.C. § 1985(3).

72. Furthermore, Defendants' conduct was in willful, wanton, and/or reckless disregard of Plaintiff's constitutional rights.

## COUNT VI

### CIVIL CONSPIRACY BY DEFENDANTS LUEBBERS & BUTZINGER

For her cause of action against Defendants Luebbers and Butzinger in Count VI, Plaintiff states:

73. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

74. Defendant Luebbers along with Defendant Butzinger filed a false police report claiming that Luebbers' foot was run over by Plaintiff.

75. In filing the false police report, Defendants Luebbers and Butzinger sought to have Plaintiff arrested and imprisoned.

76. Defendants Luebbers and Butzinger had a meeting of the minds in which they conspired and agreed to commit the filing of the false police report.

77. Defendants conduct was in willful, wanton and/or reckless disregard of Plaintiff's rights.

78. As a proximate result of the conspiracy, Plaintiff was damaged.

## COUNT VII

### INJURIOUS FALSEHOOD
### BY DEFENDANTS LUEBBERS & BUTZINGER

For her cause of action against Defendants Luebbers and Butzinger in Count VII, Plaintiff states:

79. Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

80. In filing the false police report, Defendants Luebbers and Butzinger intended to harm Plaintiff.

81. Plaintiff has suffered without limitation a deprivation her liberty, an invasion of her privacy, humiliation, ongoing emotional and psychological distress.

82. The false police report demonstrated Defendants Luebbers and Butzinger's outrageous behavior, evil motive, and/or reckless indifference to Plaintiff's rights.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter a declaratory judgment that Defendants' actions violated Plaintiff's right under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1985(3) and 2000d;

b. Award Plaintiff against all Defendants compensatory damages, jointly and severally, and punitive damages;

c. Award to Plaintiff her costs and reasonable attorney's fees; and

d. Award to Plaintiff such other relief as this Court deems just and appropriate.

Respectfully submitted,

**KAYIRA LAW, LLC**

By: /s/ Eric F. Kayira
Eric F. Kayira, #50672MO
Irene Costas, #60825MO
10 S. Lyle Ave
Clayton, Missouri 63105
Telephone: 314-727-3100
Fax: 314-727-3101
Email: eric.kayira@kayiralaw.com
Email: irene.costas@kayiralaw.com
*Attorneys for Plaintiff*

Des Peres Department of Public Safety BAN NOTICE

# CBL - West County Center




## NOTICE OF BAN FROM PROPERTY

| Last Name | First Name | Middle Name | Jr/Sr | | |
|---|---|---|---|---|---|
| KEYS | MARIE | ANN | | | |

| Race | Sex | Age | Date of Birth | Place of Birth | State | Marital Status | Operator's License Number |
|---|---|---|---|---|---|---|---|
| BLACK | F | 59 | 04/20/1954 | ST.LOUIS | MO | MARRIED | |

| Height | Weight | Build | Complexion | Eyes | Hair | Social Security Number |
|---|---|---|---|---|---|---|
| 507 | 180 | HEAVY | DARK | BROWN | BLACK | |

| Address | City | State | Zip Code | Home Phone |
|---|---|---|---|---|

On 05-11-2013, at 1400 hours you were warned that you violated the code of conduct or committed other serious offenses on West County Center property.

Specifically, you Assault, leaving the scene.

at: 90 WEST COUNTY CTR

You are banned from this mall for a period of: 30 DAYS - 3 MONTHS - 6 MONTHS - (1 YEAR) - 3 YEARS

You must IMMEDIATELY leave this property. If you return before this date, you will be arrested and charged with tresspassing, requiring the posting of a bond.

P-13-00565

_____ 198
LOHMEYER, JOE    198
Mall Security Officer

_____
Signature of BANNED individual



EXHIBIT 1

If you are a minor, a copy of this notice will be mailed to your parents or guardian. Parents, if you wish to discuss this action please call the center security for an appointment.

3 copies - Police Report - Mall Security - Individual Banned

Page 1 of 1            Printed  05/11/2013 1514

© 1994 - 2012, Information Technologies, Inc. http://www.itiusa.com