UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE ANN KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1790 TIA |
| | ) | |
| WEST COUNTY MALL CMBS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant West County Mall CMBS, LLC's ("West County Mall") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 14). Also pending is Defendant West County Mall's Motion for Sanctions (ECF No. 16). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). Upon consideration of the motions and responses thereto, the undersigned will grant the motion to dismiss and deny the motion for sanctions.

**Background**

On May 11, 2013, Plaintiff Marie Ann Keys, and African American woman, drove to the West County Shopping Mall ("mall"). (First Am. Compl. ¶¶ 6-7, ECF No. 13) While driving around the parking lot looking for a place to park, she spotted a vehicle backing out of a parking spot. (Id. at ¶ 11) At the same time, Janet Butzinger and her son Christopher Luebbers were waiting to park in the same parking space. (Id. at ¶¶ 12-13) Plaintiff alleges that Mr. Luebbers got out of his vehicle and tried to save the spot by jumping in front of Plaintiff's moving vehicle as she began driving into the parking space. (Id. at ¶¶ 14-16) Plaintiff further alleges that Mr. Luebbers eventually removed himself from the spot, and Plaintiff parked her vehicle. (Id. at ¶

18)

According to the First Amended Complaint, Ms. Butzinger and Mr. Luebbers were angry that they did not get the parking spot, so they filed a police report falsely claiming that Plaintiff ran over Mr. Luebbers' foot and then left the scene of an accident. (Id. at ¶ 21) The Des Peres Police arrested Plaintiff and transported her to the police station for booking. (Id. at ¶¶ 22-27) Before leaving the station, Plaintiff signed a "Notice of Ban" prohibiting her from entering mall property for one year. (Id. at ¶ 28)

On December 18, 2013, Plaintiff filed her First Amended Complaint in federal court, alleging that Defendant West County Mall violated her constitutional rights. Count I asserts that Defendant is liable under a 42 U.S.C. § 1983 conspiracy theory for banning her from the mall on the basis of race in violation of the Fourteenth Amendment. (Id. at ¶¶ 42-44) Count II alleges that Defendant conspired with others to deprive her of her rights to equal protection and equal privileges and immunities under the law on the basis of race in violation of 42 U.S.C. § 1985(3). (Id. at ¶¶ 46-49)

Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint on December 20, 2013, asserting that the doctrines of collateral estoppel and judicial estoppel bar Plaintiff's claim because Plaintiff pled guilty to the charges that arose from the parking lot incident. (Mot. to Dismiss ¶¶ 4-5, ECF No. 14) Alternatively, Defendant contends that Plaintiff fails to state a claim upon which relief can be granted in both counts of the complaint. (Id. at ¶ 6) Plaintiff responds that her complaint does not question the validity of the arrest but that Defendants "trespassed" Plaintiff from the mall for a period of one year based on her race. (Pl's Response in Opp. 1-4, ECF No. 20) Further, Plaintiff maintains that she has stated a claim upon which relief

can be granted in Counts I and II of her First Amended Complaint. (Id. at 5-7)

## Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are

3

not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

In general, courts must ignore materials that are outside the pleadings. Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *2 (E.D. Mo. April 19, 2011) (citations omitted). However, in addressing a motion to dismiss, courts "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 990 (8th Cir. 2007) (citations omitted).

## Discussion

Defendant first argues that the doctrines of collateral estoppel and judicial estoppel bar Plaintiff's claims against Defendant mall. However, Defendant's argument is premised on the notion that Plaintiff's claims stem from whether the arrest was lawful and not whether the mall ban was discriminatory. Plaintiff clarifies in her response in opposition that her suit pertains to the post-arrest mall ban, not the arrest itself. In light of Plaintiff's position, Defendant focuses on its argument that Plaintiff's "discrimination theories are bare assertions devoid of factual support." (Def.'s Reply 2, ECF No. 21) Thus, the Court will focus on whether Plaintiff's First Amended Complaint pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).

In her complaint, Plaintiff alleges that Defendant systematically and without due process

4

bans African American invitees from the mall for longer periods of time than similarly situated white invitees, in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. She also asserts that Defendant uses the CBL Ban against Plaintiff and other African Americans based on impermissible racial discrimination.

Defendant argues that Count I of Plaintiff's complaint fails to allege that African Americans are disproportionately affected by the mall ban following an arrest and fails to allege facts supporting her claim that Defendant implements the mall ban in a discriminatory manner. Instead, Defendant asserts that the mall ban was due to Plaintiff's arrest and not her race. Defendant claims that Plaintiff's lawsuit is merely a fishing expedition.

In order to establish liability under 42 U.S.C. § 1983, Plaintiff "must establish that (1) defendant[] acted under color of state law and (2) defendant['s] wrongful conduct deprived [her] of a constitutionally protected right." Soltan v. Accor North Am., Inc., No. 09-1412(DSD/SRN), 2010 WL 187477, at *2 (D. Minn. Jan. 11, 2010) (citation omitted). "[T]he under-color-of-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)) (internal quotation omitted). However, "where a private party defendant performs an act ordinarily performed by private parties and it triggers action by state officials, the defendant's actions are committed 'under color of' state law if the conduct qualifies as state action under the fourteenth amendment." Roudybush v. Zabel, 813 F.2d 173, 176 (8th Cir. 1987) (citation omitted). Thus, a claim against a private party defendant may be actionable under § 1983 where the defendant's conduct is "fairly attributable" to the state. Soltan, 2010 WL 187477, at *2 (citing Roudybush, 813 F.2d at 176). Further, a plaintiff must

show that the private party defendant had an unconstitutional policy or custom that inflicted an injury actionable under § 1983. Griffin v. Walgreen Co., No. 4:09CV1724 DDN, 2010 WL 4975532, at *9 (E.D. Mo. Dec. 2, 2010) (citing Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007)).

Defendant argues that Plaintiff has not pled any facts demonstrating that Defendant West County Mall was acting under the color of state law or that Defendant instituted an unconstitutional policy. Plaintiff, on the other hand, contends that she has stated a claim in that Defendant conspired with the Des Peres Department of Public Safety to deprive her of her constitutional rights by banning her from the mall based on her race. The undersigned finds that Plaintiff has failed to allege sufficient facts to demonstrate a plausible claim in Count I of her First Amended Complaint.

As stated above, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the factual allegations contained in the petition are merely legal conclusions and do not raise an equal protection claim above the speculative level. Assuming, without finding, that Defendant acted under color of state law, Plaintiff does not point to any unconstitutional policy or practice of Defendant. Instead, Plaintiff merely states that the Code of Conduct and ban from the West County Mall disproportionately affected African American shoppers in that it banned African American patrons for longer periods of time than similarly situated white patrons. (First Am. Compl. ¶¶ 32-35)

Under the Equal Protection Clause of the United States Constitution, the government must treat all similarly situated people alike. Palmore v. City of Pacific, 851 F. Supp. 2d 1162,

1170 (E.D. Mo. 2010) (citation omitted). In addition, the clause "prohibits the selective enforcement of the law based on 'unjustifiable' factors." Id. (citations omitted). However, in her complaint, Plaintiff merely proffers "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 687 (quoting Twombly, 550 U.S. at 555, 557)). Plaintiff fails to allege any facts showing that Defendant had a discriminatory policy of issuing longer bans for African American patrons than white patrons. See Blanchard v. City of St. Louis, No. 4:10CV1548 RWS, 2011 WL 2731174, at *3 (E.D. Mo. July 12, 2011) (dismissing plaintiff's equal protection claim where he did not point to any policy, custom, or practice which caused a constitutional violation leading to his termination but merely stated labels and conclusions). Similarly, Plaintiff does not identify any of the similarly situated individuals; the circumstances under which they were banned from the mall, or how Defendant implemented the bans in a discriminatory manner. In short, Plaintiff's allegation that she is a victim of racial discrimination "fails to give [Defendant] fair notice of the claim and the grounds upon which such alleged discrimination rests, and her conclusory assertion that she was [banned from the mall] under circumstances similarly situated white [patrons] were not 'imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level.'" Weaver v. Hobbs, No. 2:13-cv-00048-SWW, 2013 WL 6634005, at *2 (E.D. Ark. Dec. 17, 2013) (quoting Hagar v. Arkansas Dep't of Health, 735 F.3d 1009, 1015 (8th Cir. 2013)). Therefore, the undersigned finds that Count I should be dismissed for failure to state a claim.

Likewise, the Court finds that the allegations in Count II of Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff contends that Defendant West County Mall conspired with others to deprive her of her constitutional right to

equal protection and equal privileges and immunities under the law based on her race in violation of 42 U.S.C. § 1985(3). (First Am. Compl. ¶¶ 47-48) She claims that the Des Peres Department of Public Safety entered into an agreement with Defendant West County Mall to violate her constitutional rights by banning her from the mall on account of her race. (Id. at ¶ 34) In its motion to dismiss, Defendant asserts that Plaintiff has failed to allege facts demonstrating that a conspiracy existed between Defendant and the police officers involved in Plaintiff's arrest. The Court agrees with Defendant and finds that dismissal is warranted.

To establish a conspiracy under 42 U.S.C. § 1985(3), a plaintiff must show:

> that the defendants did (1) "conspire . . . (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." . . . that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (quoting 42 U.S.C. § 1985(3)). Further, a plaintiff must point to at least some facts suggesting that defendant reached an agreement to violate her rights. City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) (citations omitted).

Here, Plaintiff argues that she has adequately alleged a conspiracy between Defendant and the Des Peres Department of Public Safety to arbitrarily ban mall patrons from their right to enter mall property. Aside from this allegation, Plaintiff fails to provide any facts demonstrating that Defendant was involved in a conspiracy to deprive Plaintiff of her constitutional rights due to her race. "A claim under section 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private

encroachment." Worthy v. Boyd, No. 4:12CV353 CEJ, 2012 WL 1945971, at *3 (E.D. Mo. May 30, 2012) (citation omitted). However, Plaintiff's First Amended Complaint is void of any allegations showing a :meeting of the minds of any defendants to pursue a specific discriminatory . . . end." Rodgers v. Univ. of Missouri Bd. of Curators, No. 4:11CV0515 JAR, 2012 WL 3815630, at *12 (E.D. Mo. Sept. 4, 2012). The conclusory allegations set forth in the complaint are insufficient to support a claim for conspiracy under 42 U.S.C. § 1985(3). Id. As such, Count II will be dismissed, as the factual allegations do not raise a right to relief above the speculative level. Twombly, 550 U.S. at 555.

Finally, the Court takes note of Defendant's Motion for Sanctions, asserting that Plaintiff's case is frivolous under Fed. R. Civ. P. 11 because Defendant West County Mall had no involvement in Plaintiff's arrest or guilty plea. Defendant bases its argument on the premise that Plaintiff is alleging a false police report and false arrest based on her race. As stated above, Plaintiff's complaint stems from the notice of ban from the West County Mall, and not the arrest. (First Am. Compl. Ex. 1, ECF No. 13) While the Court finds that Plaintiff's First Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), sanctions under Rule 11 are not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant West County Mall CMBS, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 14) is **GRANTED.** An appropriate order of dismissal is filed simultaneously herewith.


**IT IS FURTHER ORDERED** that Defendant West County Mall CMBS, LLC's Motion

for Rule 11 Sanctions (ECF No. 16) is **DENIED.**

                                                    /s/ Terry I. Adelman  
                                    UNITED STATES MAGISTRATE JUDGE

Dated this   17th  day of June, 2014.